# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NATIONWIDE JUDGMENT RECOVERY, INC.,**

      Plaintiff,

v.                                             Case No: 6:21-mc-70-RBD-EJK

**JEAN Y. BERGER,**

      Defendant.

## ORDER

This cause comes before the Court on the Motion for Issuance of Continuing Writ of Garnishment against Ewalma Online Store, LLC (Doc. 30), filed by Nationwide Judgment Recovery, Inc. ("Nationwide"), as assignee of Matthew Orso, Successor Receiver for Rex Venture Group, LLC. Attached to the Motion is a proposed writ. (Doc. 30-1.) For the reasons set forth below, the Motion is due to be granted.

Nationwide registered a foreign judgment (the "Judgment") from the Western District of North Carolina, Charlotte Division, in this Court. (Doc. 1-1.) The Judgment is against Defendant Jean Y. Berger in the amount of $28,523.68, plus post-judgment interest. (*Id.* at 3.) Nationwide contends that the Judgment remains outstanding and that Ewalma Online Store, LLC ("Garnishee"), as Defendant's employer, has "possession of salary or of wages belonging to [Defendant] which may be applied to the balance owed on the judgment." (Doc. 30 at 2.) As such, Nationwide

seeks the issuance of a post-judgment writ of continuing garnishment directed at the Garnishee. (*Id.* at 3.)

A party may enforce a money judgment by a writ of execution. Fed. R. Civ. P. 69(a)(1). In Florida, a person who has recovered a judgment in any court against any entity has a right to a writ of garnishment. Fla. Stat. § 77.01. Where the judgment debtor's salary or wages are to be garnished to satisfy a judgment, Florida Statutes § 77.0305 allows the Court to issue a continuing writ of garnishment to the judgment debtor's employer. *Commc'n Ctr., Inc v. Komatsu*, No. 6:05-cv-1254-ORL-31UAM, 2008 WL 114920, at *1 (M.D. Fla. Jan. 8, 2008). A continuing writ of garnishment provides for "periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied." Fla. Stat. § 77.0305.

Chapter 77 of the Florida Statutes set forth the procedure for obtaining a writ of garnishment under Florida law. After judgment has been obtained against a defendant, but before the writ of garnishment is issued, the plaintiff shall file a motion stating the amount of the judgment. Fla. Stat. § 77.03. The proposed writ shall state the amount named in the plaintiff's motion and require the garnishee to serve an answer on the plaintiff within twenty days after service of writ. Fla. Stat. § 77.04. Post-judgment writs of garnishment may be issued *ex parte* and without notice to judgment debtor. *See United Presidential Life Ins. Co. v. King*, 361 So. 2d 710, 713 (Fla. 1978); *Commc'ns Ctr., Inc.*, 2008 WL 2717669, at *1 (citing *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1363 (5th Cir. 1976)).

As Plaintiff has obtained a judgment against Defendant, Plaintiff has a right to a continuing writ of garnishment. Fla. Stat. § 77.01. Plaintiff's Motion states the amount of the judgment and Plaintiff attached a proposed writ as an exhibit to the Motion. (Doc. 30-1.) The proposed writ states the amount in the Motion and directs Ewalma Online Store, LLC to respond within twenty days. (*Id.*)

Accordingly, it is hereby **ORDERED** that the Motion for Issuance of Continuing Writ of Garnishment (Doc. 30) is **GRANTED**. The Clerk is **DIRECTED** to **ISSUE** the proposed writ of garnishment. (Doc. 30-1.)

**DONE** and **ORDERED** in Orlando, Florida on January 19, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE